1 | **MAYALL HURLEY**
**A Professional Corporation**
2 | **2453 Grand Canal Boulevard**
**Stockton, California 95207**
3 | **Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**
4 | **NICHOLAS F. SCARDIGLI**
**CA State Bar No. 249947**
5 |
**Attorneys for Plaintiff MICHAEL NIRO**
6 |
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL NIRO,** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES FOR** |
| **vs.** | 1. **DISCRIMINATION** |
| **MEDSCAPE, LLC; WEBMD LLC; and** | 2. **FAILURE TO ACCOMMODATE** |
| **DOES 1-10, inclusive,** | 3. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS** |
| **Defendants.** | 4. **RETALIATION** |
| | 5. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION** |
| | 6. **VIOLATION OF LABOR CODE § 226(c)** |
| | 7. **VIOLATION OF LABOR CODE § 1198.5(b)** |
| | **JURY TRIAL DEMANDED** |

    Plaintiff Michael Niro ("Niro") brings this action against Medscape, LLC ("Medscape");

WebMD LLC ("WebMD"); and Does 1-10, inclusive as referred to herein, for compensatory

damages, punitive damages, penalties, injunctive relief, interest, costs, and attorneys' fees resulting

from the defendants' unlawful and tortious conduct.  As grounds Niro therefore alleges:

/ / /

/ / /

/ / /

1

**PARTIES**

2        1.      Niro is and/or was at all times relevant herein an individual; a resident of Los

3   Angeles County, California; employed in Los Angeles County, California; and an "employee" as

4   defined by Gov. Code § 12926(c).

5        2.      Medscape is and was at all times relevant herein a Delaware corporation with its

6   principal place of business in New York, and an "employer" as defined by Gov. Code §§ 12926(d)

7   and 12940(j)(4)(A).

8        3.      WebMD is and was at all times relevant herein a Delaware corporation with its

9   principal place of business in New Jersey, and an "employer" as defined by Gov. Code §§

10  12926(d) and 12940(j)(4)(A).

11       4.      Medscape, WebMD, and Does 1-10 are referred to collectively herein as

12  "Defendants."

13       5.      Niro is not aware of the true names and capacities of the defendants sued herein as

14  Does 1-10, whether individual, corporate, associate, or otherwise, and, therefore, sues such

15  defendants by these fictitious names.  Niro will amend this complaint to allege their true names and

16  capacities when ascertained.   Niro is informed and believes, and on that basis alleges, that each of

17  the fictitiously named defendants is responsible in some manner for the occurrences herein alleged

18  and that the injuries and damages herein alleged were legally caused by such defendants.  Unless

19  otherwise indicated, each defendant was acting within the course and scope of said agency and/or

20  employment, with the knowledge and/or consent of said co-defendant.

21

**JURISDICTION AND VENUE**

22       6.      This Court has original subject matter jurisdiction over Niro's claims pursuant to 28

23  U.S.C. §§ 1332 because it is a civil action between citizens of different states and the amount in

24  controversy exceeds $75,000, exclusive of interest and costs.

25       7.      Venue is proper in the United States District Court for the Central District of

26  California under 28 U.S.C. § 1391(b) because the Defendants are located in this District, and

27  because the acts and/or omissions set forth in this Complaint occurred in this District.

28  / / /

1

**JURY TRIAL DEMAND**

2

    8.      Niro hereby demands a jury trial.

3

**GENERAL ALLEGATIONS**

4

    9.      Niro was employed as a producer of continuing medical education programming by

5

his former joint employers, Medscape, and its parent company, WebMD, in Los Angeles,

6

California, from June 10, 2019, until his unlawful termination on September 1, 2020.

7

    10.    Niro's job, prior to the Covid-19 outbreak, involved frequent air travel.

8

    11.    Niro suffers from a disability, namely, chronic pelvic pain syndrome, that limits

9

major life functions, such as sitting, working, and genitourinary functions.

10

    12.    Niro's disability was known to Defendants since approximately October 2019,

11

including that he required reasonable accommodation for the disability.

12

    13.    In November 2019, Defendants provided medical leave to Niro as a reasonable

13

accommodation.

14

    14.    In February 2020, Niro was referred to a new urologist, who proscribed a new

15

treatment plan that included physical therapy, which was expected to allow Niro to return to work

16

and resume frequent air travel.

17

    15.    However, due to the Covid-19 outbreak, Niro's physical therapy appointments were

18

cancelled.

19

    16.    Around the same time and also due to Covid-19, the continuing medical education

20

programming that Niro's job entailed began utilizing remote technology, e.g., Zoom web meetings.

21

    17.    As a result, the travel component of Niro's job effectively disappeared.

22

    18.    In fact, to date, the medical education programming that Niro's job entailed

23

continues to utilize remote technology exclusively.

24

    19.    In other words, it should be of no surprise that the medical professionals that Niro

25

worked with have minimized travel due to Covid-19 in favor of socially responsible remote

26

interfacing, which is now industry standard, given that the alternative would needlessly put lives in

27

danger.

28

/ / /

1   20.   Niro was willing and able to return to work throughout the Covid-19 outbreak and
2   in fact expressed so to Defendants.

3   21.   Nevertheless, Defendants refused to return Niro to work by utilizing telecommuting,
4   which would have been a reasonable accommodation.

5   22.   Instead, knowing that a reasonable accommodation other than a leave of absence
6   was available (e.g., telecommuting), Defendants required Niro to take a leave of absence, in
7   violation of the California Fair Employment and Housing Act ("FEHA"). [2CA ADC section
8   11068(c) (stating, in relevant part, "When an employee can work with a reasonable
9   accommodation other than a leave of absence, an employer may not require that the employee take
10  a leave of absence").]

11  23.   When Niro raised the issue of returning to work, Defendants threatened to terminate
12  his employment and fill his position.

13  24.   Ultimately, in late August 2020, Defendants informed Niro that he was being
14  terminated, effective September 1, 2020.

15  25.   Niro's termination letter, authored by Defendant's Senior Director of Human
16  Resources and dated August 28, 2020, stated that "It is Company policy to only continue
17  employment for a limited period of time when employees are unable to return from a leave of
18  absence, where such absence is not covered by the Family and Medical Leave Act. At this point,
19  the Company is terminating your employment effective September 1, 2020 (the 'Termination
20  Date')."

21  26.   Niro's termination was in violation of FEHA because he was in fact able to return to
22  work with reasonable accommodation months prior to the termination.

23  27.   The most obvious available reasonable accommodation was the ability to
24  telecommute.

25  28.   This reasonable accommodation would not have constituted an undue hardship for
26  Defendants because Niro's job functions have been performed in this very manner, i.e., remotely,
27  by his former coworkers and industry peers throughout the Covid-19 crisis, and continuing to date.
28

1    29.    Defendants, aware of these violations through its senior management, failed to take

2    all reasonable steps necessary to prevent the discrimination based on disability and retaliation

3    for requesting reasonable accommodation from occurring.

4    30.    On December 4, 2020, Niro filed a complaint with the Department of Fair

5    Employment & Housing ("DFEH") against Defendants based on the unlawful conduct described

6    above.  That same day, the DFEH issued Niro a right-to-sue notice, which Niro served on

7    Defendants by certified mail.

8    31.    On September 17, 2020, Niro sent a written request to Medscape to inspect and

9    obtain copies of his itemized wage statements, pursuant to Labor Code § 226(b), and his personnel

10   records, pursuant to Labor Code § 1198.5(b).

11   32.    Niro's written request was delivered to Medscape on September 21, 2020, by

12   certified mail.

13   33.    Medscape did not respond to the request within 30 days of its receipt of the request.

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOV. CODE §§ 12940(a) and 12940(m)(2)**
**(Discrimination)**
**Against Defendants**

17   34.    Niro hereby realleges and incorporates by reference each and every allegation set

18   forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

19   allegations of this cause of action.

20   35.    FEHA prohibits an employer from discriminating against an employee because of

21   actual or perceived disability or for requesting accommodation.  Gov. Code §§ 12940(a) and

22   12940(m)(2).

23   36.    As set forth herein, Defendants discriminated against Niro based on his actual and

24   perceived disability and for questing accommodation, in violation of Gov. Code §§ 12940(a) and

25   12940(m)(2).

26   37.    As a result, Niro has suffered damages.

27   38.    Defendants' actions towards Niro were committed or ratified by Defendants, and/or

28   their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in

1  order to injure or damage Niro, thereby justifying an award of punitive damages.

2       39.    Wherefore, Niro seeks damages as set forth below.

3
**SECOND CAUSE OF ACTION**
4
**VIOLATION OF GOV. CODE § 12940(m)**
**(Failure to Accommodate)**
5
**Against Defendants**

6       40.    Niro hereby realleges and incorporates by reference each and every allegation set

7  forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

8  allegations of this cause of action.

9       41.    FEHA requires an employer to make reasonable accommodation for the known

10  physical or mental disability of an applicant or employee.  Gov. Code § 12940(m).

11       42.    As set forth herein, Defendants refused to provide Niro with reasonable

12  accommodation.

13       43.    As a result, Niro has suffered damages.

14       44.    Defendants' actions towards Niro were committed or ratified by Defendants, and/or

15  their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in

16  order to injure or damage Niro, thereby justifying an award of punitive damages.

17       45.    Wherefore, Niro seeks damages as set forth below.

18
**THIRD CAUSE OF ACTION**
19
**VIOLATION OF GOVERNMENT CODE § 12940(n)**
**(Failure to Engage in Interactive Process)**
20
**Against Defendants**

21       46.    Niro hereby realleges and incorporates by reference each and every allegation set

22  forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

23  allegations of this cause of action.

24       47.    FEHA requires an employer "to engage in a timely, good faith, interactive process

25  with the employee or applicant to determine effective reasonable accommodations, if any, in

26  response to a request for reasonable accommodation by an employee or applicant with a known

27  physical disability or known medical condition." Gov. Code § 12940(n).

28  / / /

Complaint for Damages
Page 6 of 11

48.     As set forth herein, Defendants failed to participate in timely, good faith, or interactive discussions with Niro.

49.     As a result, Niro has suffered damages.

50.     Defendants' actions towards Niro were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Niro, thereby justifying an award of punitive damages.

51.     Wherefore, Niro seeks damages as set forth below.

## FOURTH CAUSE OF ACTION
### VIOLATION OF GOV. CODE § 12940(m)(2)
### (Retaliation)
### Against Defendants

52.     Niro hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

53.     FEHA explicitly prohibits an employer from retaliating against an employee for requesting accommodation, regardless of whether the request was granted.  Gov. Code § 12940(m)(2).

54.     As set forth herein, Defendants unlawfully retaliated against Niro for requesting accommodation.

55.     As a result, Niro has suffered damages.

56.     Defendants' actions towards Niro were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Niro, thereby justifying an award of punitive damages.

57.     Wherefore, Niro seeks damages as set forth below.

/ / /

/ / /

/ / /

/ / /

/ / /

Complaint for Damages
Page 7 of 11

1

2

3

**FIFTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE § 12940(k)**
**(Failure to Prevent Discrimination and Retaliation)**
**Against Defendants**

4    58.    Niro hereby realleges and incorporates by reference each and every allegation set

5  forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

6  allegations of this cause of action.

7    59.    FEHA requires an employer to take all reasonable steps necessary to prevent

8  discrimination and retaliation from occurring.  Gov. Code § 12940(k).

9    60.    As set forth herein, Defendants failed to prevent discrimination and retaliation

10  against Niro.

11    61.    As a result, Niro has suffered damages.

12    62.    Defendants' actions towards Niro were committed or ratified by Defendants, and/or

13  their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in

14  order to injure or damage Niro, thereby justifying an award of punitive damages.

15    63.    Wherefore, Niro seeks damages as set forth below.

16

17

18

**SIXTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(c)**
**(Failure to Produce Copies of Wage Statements)**
**Against Medscape and Does 1-10**

19    64.    Niro hereby realleges and incorporates by reference each and every allegation set

20  forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

21  allegations of this cause of action.

22    65.    Pursuant to Labor Code § 226(c) "[a]n employer who receives a written or oral

23  request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or

24  former employee shall comply with the request as soon as practicable, but no later than 21 calendar

25  days from the date of the request."

26    66.    As set forth above, Niro made a written to Medscape to inspect and obtain copies of

27  his itemized wage statements, pursuant to Labor Code § 226(b).

28

Complaint for Damages
Page 8 of 11

1   67.   Medscape failed to respond to the request within 21 calendar days from the date of

2   the request.

3   68.   Wherefore, Niro seeks relief as set forth below.

4   **SEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 1198.5(b)**
5   **(Failure to Produce Personnel Records)**
**Against Medscape and Does 1-10**
6

7   69.   Niro hereby realleges and incorporates by reference each and every allegation set

8   forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

9   allegations of this cause of action.

10   70.   Pursuant to Labor Code § 1198.5(b) an employer who receives a written request to

11   inspect and for copies of his or her personnel records shall make those records available and shall

12   provide copies of the documents, at a charge not to exceed the actual cost of reproduction, within

13   30 calendar days from the date the employer receives the written request.

14   71.   As set forth above, Niro made a written to Medscape to inspect and obtain copies of

15   his itemized wage statements, pursuant to Labor Code § 226(b).

16   72.   Medscape failed to respond to the request within 30 calendar days from the date of

17   its receipt of the request.

18   73.   Wherefore, Niro seeks relief as set forth below.

19   **PRAYER FOR RELIEF**

20   WHEREFORE, the following relief is sought:

21   **As to the First through Fifth Causes of Action:**

22   1.   For compensatory, special, and general damages;

23   2.   For injunctive and declaratory relief pursuant to Gov. Code § 12965, including, but

24   not limited to, a cease-and-desist order requiring Defendants to halt their

25   discriminatory practices; an order requiring Defendants to conduct training for all its

26   employees, supervisors, and management on the requirements of FEHA; and an

27   order requiring Defendants to develop and promulgate an effective policy for

28   preventing discrimination and retaliation;

3.  For punitive and/or exemplary damages;

4.  For statutory attorneys' fees and costs, including but not limited to those available under Gov. Code § 12965(b);

5.  For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including but not limited to that available under Civil Code §§ 3287(a) and 3289(b); and

6.  For such other and further relief as the court deems proper.

**As to the Sixth Cause of Action:**

1.  For a $750 penalty under Labor Code § 226(f);

2.  For injunctive relief to ensure compliance with Labor Code § 226(c), pursuant to Labor Code § 226(h);

3.  For attorneys' fees and costs, including but not limited to those available under Labor Code § 226(h) and Code of Civil Procedure § 1021.5;

4.  For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including but not limited to that available under Civil Code §§ 3287(a) and 3289(b); and

5.  For such other and further relief as the court deems just and proper.

**As to the Seventh Cause of Action:**

1.  For a $750 penalty under Labor Code § 1198.5(k);

2.  For injunctive relief to ensure compliance with Labor Code § 1198.5(b), pursuant to Labor Code § 1198.5(l);

3.  For attorneys' fees and costs, including but not limited to those available under Labor Code § 1198.5(l) and Code of Civil Procedure § 1021.5;

4.  For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including but not limited to that available under Civil Code §§ 3287(a) and 3289(b); and

5.  For such other and further relief as the court deems just and proper.

/ / /

1  **DATED:** January 19, 2021                           **MAYALL HURLEY P.C.**

2
                                              By_____
3                                                NICHOLAS F. SCARDIGLI
                                                 Attorneys for Plaintiff
4                                                MICHAEL NIRO

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages
Page 11 of 11